585 A.2d 1170

**CITY OF PHILADELPHIA TAX REVIEW BOARD, Appellant,**

v.

**Joseph HEADLEY, Appellee.**

**CITY OF PHILADELPHIA TAX REVIEW BOARD, Appellant,**

v.

**Timothy J. SAVAGE and Linda Savage, Appellees.**

Commonwealth Court of Pennsylvania.

Argued Dec. 7, 1990.

Decided Jan. 23, 1991.

Reginald L. Robinson, Asst. City Sol., with him, Andrew Bralow, Chief Deputy City Sol., and Charisse R. Lillie, City Sol., Philadelphia, for appellant.

Timothy J. Savage, Philadelphia, for appellees.

Before COLINS and SMITH, JJ., and BARBIERI, Senior Judge.

COLINS, Judge.

The City of Philadelphia Tax Review Board (Board) appeals from two orders of the Court of Common Pleas of the First Judicial District of Pennsylvania (Common Pleas) sustaining an appeal from a decision of the Board and striking liens against the properties at 1529, 1535, and 1537 Gillingham Street, Philadelphia, Pennsylvania. The liens, $267.17 per property, were assessed by the City of Philadelphia (City) after it repaired a sewer in the 1500 block of Gillingham Street. The appellees are Joseph Headley (Headley), who owns the property at 1529 Gillingham Street, and Timothy and Linda Savage (the Savages), who own two properties at 1535 and 1537 Gillingham Street.[1]

On September 16, 1982, appellee, Timothy Savage, contacted the City to complain that there was water in his cellar at 1535 Gillingham Street. The City determined that it was not its responsibility to have the obstructed sewer cleaned, but when the homeowners did not make the necessary repairs, the City contracted with a registered plumber to do so. The City billed each homeowner on the 1500 block of Gillingham Street a pro-rata share of the cost.

Headley and the Savages filed petitions with the Board requesting a review of the matter. A hearing master denied their petitions, and they appealed to the Board for an administrative hearing. On November 12, 1987, the Board held a hearing and denied their appeals. The Board's decision was confirmed in a writing dated November 30, 1987.

Headley and the Savages then appealed to Common Pleas. That court took no additional testimony and heard no oral argument. Based on the record from the Board, Common Pleas sustained the appeal and ordered that the liens against the properties be stricken. Common Pleas found that the Board's decision was not supported by substantial evidence. The court said:

1. The two cases have been consolidated on appeal by order of this Court.

The sewer in question is in the middle of Gillingham Street, not on any private property. The Water Department employee testified that he believes the sewer is private simply because he could not find the sewer on that particular block of Gillingham Street in the City Sewer Main Records. That map, however, did not even show the existence of Gillingham Street. Furthermore the witness could not even give a history of the particular sewer.

The City has characterized the issue before this Court as whether Common Pleas abused its discretion when it reversed the Board's decision because the Board had not violated constitutional rights, abused its discretion, or committed an error of law, and it had substantial evidence to support its findings of fact.

This Court's scope of review is limited because Common Pleas took no additional evidence when it reviewed the decision of the Board, a local agency. This Court "must affirm the adjudication of the local agency unless [it finds] that constitutional rights have been violated, errors of law have been committed, or findings of fact necessary to support the adjudication are not supported by substantial evidence." *Wilson v. City of Philadelphia Board of License and Inspection Review*, 16 Pa.Commonwealth Ct. 586, 588, 329 A.2d 908, 910 (1974).

■ After a review of the record, this Court has determined that there is not substantial evidence to support the Board's Finding of Fact No. 1 that "[t]he properties involved in this matter are located on a private sewer in the 1500 block of Gillingham Street...." It is undisputed that the sewer lies in the middle of Gillingham Street. The City introduced no credible, non-hearsay evidence to support its contention that the sewer is private, and no evidence exists in the record on which a reasonable trier of fact could determine that the sewer is private. The City's witness testified that he could not find the sewer on the "return

plan;" therefore, he concluded that the sewer was private.[2] However, the 1500 block of Gillingham Street was not depicted on the plan, and, additionally, the plan was not moved into evidence.

█ The present matter is unlike a tax assessment case wherein the burden of proof is on the party seeking to contest the tax assessment. In that type of case, the taxing authority presents its evidence first, and there is a presumption that the assessment is valid. When the taxing authority has rested its case, the burden of proof shifts to the taxpayer who must establish that the assessment is not valid. *Davis Appeal,* 114 Pa.Commonwealth Ct. 537, 539 A.2d 61 (1988).

█ In the present matter, involving a pro-rata assessment of the cost of repairs to a sewer, the City has the burden to prove that the sewer is private. There exists no presumption that the City's assessment for repairs is correct. We will presume that the sewer is public unless the City can prove otherwise. In this case, it is uncontested that the sewer lies under the middle of a public street, is in the right-of-way, and is connected to the City's sewer system. The City's reliance on a return plan which does not even contain the block in question, without other credible, non-hearsay evidence, cannot support the City's contention that the sewer is private.

Accordingly, the order of the Court of Common Pleas is affirmed.

SMITH, J., dissents.

## ORDER

AND NOW, this 23rd day of January, 1991, the order of the Court of Common Pleas of Philadelphia County in the above-captioned matter is affirmed.

**2.** The testimony of the City's witness indicated that the return plan is a drawing of the streets and sewer lines.